**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James EK Francis, | No. CV-18-08014-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before this Court is Petitioner James Francis's Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed because it is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations and, alternatively, is either procedurally defaulted or procedurally barred. (Doc. 12 at 4–11). The R&R further recommended that a Certificate of Appealability be denied. (*Id.* at 11). Petitioner filed an Objection to the Report and Recommendation ("Objection"). (Doc. 13).

## I.    REVIEW OF AN R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). District courts are not required to conduct "any review at

all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made."). In this case, Petitioner filed an Objection, (Doc. 13), and the Court will review the relevant portions of the R&R de novo.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The R&R summarized the factual and procedural history of this case and neither party objected to this history. (Doc. 12 at 1–4). Therefore, the Court adopts that portion of the R&R.

## III.   STATUTE OF LIMITATIONS

The R&R recommends that the Petition be denied as barred by the AEDPA's statute of limitations. (*Id.* at 4–8). As explained by the Magistrate Judge, the AEDPA provides a one-year statute of limitations for state prisoners to file a petition for writ of habeas corpus in federal court. (*Id.* at 4); *see also* 28 U.S.C. § 2244(d). That period generally commences on "the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review." (*Id.* (quoting 28 U.S.C. § 2244(d)(1)(A))). Examining Petitioner's procedural history in state court, the Magistrate Judge determined that Petitioner's conviction became final on November 1, 2011. (*Id.* at 5). Therefore, AEDPA's one-year statute of limitations period commenced the next day and expired on November 1, 2012. (*Id.*). Consequently, the Petition filed in January 2018 is untimely absent any statutory or equitable tolling. (*Id.*).

Regarding statutory tolling, the Magistrate Judge explained that the "AEDPA provides for tolling of the limitations period when a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" (*Id.* (quoting 28 U.S.C. § 2244(d)(2))). An untimely application is never "properly filed" within the meaning of Section 2244(d)(2). (*Id.* (citing *Pace v. DiGugliemo*, 544 U.S. 408, 414 (2005))). Petitioner never filed a PCR notice, and his 2016 motion for clarification—assuming *arguendo* it is a PCR notice under A.R.S. § 13-4234—was filed

"after the statute of limitations expired." (*Id.* at 6). Therefore, the Magistrate Judge concluded that "no statutory tolling applies." (*Id.*).

Turning to equitable tolling, the Magistrate Judge explained that the Ninth Circuit permits "equitable tolling of AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" (*Id.* (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999))). To receive equitable tolling, "a petitioner must show '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way' to prevent him from timely filing a federal habeas petition." (*Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010))). Petitioner did not argue for, and the record does not suggest that, equitable tolling applies. (*Id.*). Accordingly, the Magistrate Judge concluded that Petitioner is not entitled to equitable tolling. (*Id.* at 6–8).

Finally, the Magistrate Judge noted that a finding of actual innocence can excuse the untimeliness of a federal habeas petition. (*See id.* (citing *McQuiggen v. Perkins*, 569 U.S. 383, 391–96 (2013))). For the excuse to apply, a "petitioner must make a credible showing of 'actual innocence' by 'persuad[ing] the district court that, in light of the new evidence,' no juror, acting reasonably, would have found him guilty beyond a reasonable doubt." (*Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995))). Noting that Petitioner "did not argue" for actual innocence, the Magistrate Judge concluded that he did not qualify for this excuse. (*Id.*).

Based on Petitioner's failure to file his habeas action within the statute of limitations and his failure to state a sufficient basis for statutory tolling, equitable tolling, or actual innocence, the Magistrate Judge concluded that the Petition must be dismissed with prejudice as untimely. (*Id.* at 4–8).

## IV.   Petitioner's Objections

Petitioner's Objection did not address the AEDPA's statute of limitations, statutory tolling, equitable tolling, or actual innocence. (Doc. 13). Instead, the Objection raised arguments going to the merits of Petitioner's Petition. *See, e.g.*, (*Id.* at 9 ("The Arizona

statutory scheme for protection of child molestation rest upon the improper assignment of the burden of disproving, or negating, 'sexual motivation' implicit in the offense to accused by a preponderance of the evidence at trial.")). Accordingly, Petitioner does not object to the Magistrate Judge's application of the AEDPA's statute of limitations to his procedural history or the determination that Petitioner's one-year statute of limitations had expired because Petitioner failed to establish that statutory tolling, equitable tolling, or actual innocence should apply. (Doc. 13). The Court therefore accepts those recommendations.

## V. ALTERNATIVE RECOMMENDATION OF THE R&R

The R&R alternatively recommends that even if the Petition were timely, the Petition should be denied because Petitioner's claims are procedurally defaulted or were procedurally barred, and thus are barred from federal habeas review. (*Id.* at 8–9 (citing *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002))). Petitioner does not object to these findings by the Magistrate Judge.

Because the Court has concluded that the Petition is untimely, the Court will not reach the alternative recommendations in the R&R regarding Petitioner's state remedies on his claims being procedurally defaulted or procedurally barred. Accordingly, all of the objections are overruled.

## VI. Certificate of Appealability

The R&R recommends that the Court deny a certificate of appealability. (*Id.* at 11). Petitioner does not object to this recommendation. The Court agrees with the R&R because "dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable." (*Id.* at 11–12); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## VII. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Report and Recommendation (Doc. 12) is accepted and adopted; the Objection (Doc. 13) is overruled. The Petition is thus denied with prejudice, and the Clerk of the Court shall enter judgment accordingly.

1    **IT IS FURTHER ORDERED** that the Court denies issuance of a certificate of

2    appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the event

3    Petitioner files an appeal.

4    Dated this 7th day of February, 2019.

5

6

7    _____

8    James A. Teilborg
     Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28